IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM HARRISON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No.: 23-375-KD-N |
| v. | ) |
| | ) |
| TONYA FORDE, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendants Tonya Forde ("T. Forde"), CKC Properties, LLC ("CKC"), and Steve Forde ("S. Forde") (collectively, "Defendants") answer the first amended complaint ("FAC") filed by plaintiffs William Harrison ("Harrison") and Cathexis Holdings, LP ("Cathexis") (collectively, "Plaintiffs") as follows:

**PARTIES**

1. Admitted.

2. Defendants are without sufficient information or knowledge to admit or deny the allegations, and demand strict proof of same.

3. Admitted.

4. Admitted that T. Forde is an individual older than 19 years. Denied as to the remaining allegations.

5. Admitted that CKC is a Mississippi limited liability company that transacted business in Mobile County, Alabama. Denied as to the remaining allegations of this

paragraph.

6. Admitted that S. Forde is an individual older than 19 years who resided in Baldwin County, Alabama at the time of some of the acts alleged in the FAC. Denied as to the remaining allegations.

## JURISDICTION AND VENUE

7. Denied. The jurisdiction of the Court is alleged in the notice of removal.

8. Denied. The venue of the Court is alleged in the notice of removal.

## FACTUAL ALLEGATIONS

9. Admitted that T. Forde was living in Baldwin County, Alabama with her husband S. Forde in April 2020. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations in this paragraph, and demand strict proof of same.

10. Denied.

11. Defendants are without sufficient information or knowledge to admit or deny the allegations in this paragraph, and demand strict proof of same.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Admitted.

18. Admitted.

19. Denied.

20. Denied.

21. Denied.

22. Defendants are without sufficient information or knowledge to admit or deny the allegations in this paragraph, and demand strict proof of same.

23. Admitted.

24. Denied.

25. Denied. The settlement agreement is the best evidence of its contents.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied. The certified transcript is the best evidence of S. Forde's testimony.

32. Denied.

33. Denied.

34. Defendants are without sufficient information or knowledge to admit or deny

the allegations in this paragraph, and demand strict proof of same.

    35.    Denied.

    36.    Denied.

    37.    Denied.

    38.    Denied.

    39.    Denied.

    40.    Denied.

    41.    Denied.

    42.    Denied.

    43.    Denied.

    44.    Denied.

    45.    Denied.

    46.    Admitted. The jury returned a verdict rejecting Plaintiff's claims for $5,660,000, plus punitive damages, on all accounts except a single equitable claim of unjust enrichment. The jury agreed with S. Forde that the amount should be limited to $1,100,000.

## CAUSES OF ACTION

## COUNT ONE: CONVERSION

    47.    Defendants T. Forde and CKC incorporate their previous responses as if fully restated herein.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied

### COUNT TWO: UNJUST ENRICHMENT

53. Defendants T. Forde and CKC incorporate their previous responses as if fully restated herein.

54. Denied.

55. Denied.

56. Denied.

### COUNT THREE: MONEY HAD AND RECEIVED

57. Defendants T. Forde and CKC incorporate their previous responses as if fully restated herein.

58. Denied.

59. Denied.

60. Denied.

### COUNT FOUR: MISREPRESENTATION AND/OR SUPPRESSION

61. Defendant S. Forde incorporates his previous responses as if fully restated herein.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Forde. Forde asserts said defenses in order to preserve his right to assert them. Upon completion of discovery, and if the facts warrant, Forde may withdraw any of these defenses as may be appropriate. Further, Forde reserves the right to amend this answer to assert additional defenses, cross claims, third-party claims and other claims and defenses as discovery proceeds. Further answering and by way of defense and affirmative defense, Forde states as follows:

1. Defendants plead res judicata, collateral estoppel, and improper claim splitting.

2. Defendants plead equitable estoppel.

3. Defendants assert the statute of limitations.

4. Defendants assert the statute of frauds.

5. Defendants assert the lack of identity of property.

6. Defendants assert consent and approval.

7. Defendants plead failure to request return.

8. Defendants assert commingling of funds.

9. The Complaint, or some of the claims asserted therein, fail to state a claim upon which relief can be granted.

10. There is no causal connection or relationship between any alleged conduct on the part of Defendants and Plaintiffs' alleged damages.

11. Plaintiffs failed to mitigate damages.

12. The alleged damages about which Plaintiffs complain arose as a result of acts or omissions of others over whom Defendant had no control.

13. Defendants assert the defenses of release, payment, and setoff.

14. Defendants plead estoppel, laches, waiver, modification, ratification, unclean, and novation.

15. Defendants plead the doctrine of unclean hands.

16. Plaintiffs' claims are barred, in whole or in part, by their failure to do equity.

17. Plaintiffs lack proper standing to bring their claims.

18. Plaintiffs failed to name an indispensable party.

19. Neither Helanbak, Cathexis nor the JV were properly licensed to do business in Alabama.

20. Plaintiffs' tort claims are barred by the independent tort rule because they did not owe Plaintiffs any legal duty outside of the terms of the contract.

21. Plaintiffs' claims are barred by the Economic Loss Rule to the extent they seek to recover tort damages.

22. Plaintiffs' claims are void for lack of performance and/or consideration.

23. Defendants plead failure of a condition precedent.

24. Plaintiffs claims for punitive damages violate the constitutions of the State of Alabama and the United States of America.

**DEFENDANTS DEMAND TRIAL BY JURY**

*/s/ Thomas M. O'Hara*
THOMAS M O'HARA (OHART4140)
Attorney for Defendants

**OF COUNSEL:**
O'Hara Law Firm, LLC
P.O. Box 2466
Daphne, AL 36526
251.414.7773
tom.ohara@toharalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2023, I electronically filed the foregoing with PACER, which will serve notifications of such filing to all counsel of record.

    Robert E. Battle
    Harlan F. Winn
    **BATTLE & WINN LLP**
    2901 Second Avenue South, Suite 220
    Birmingham, AL 35233
    Telephone: (205) 397-8160
    Facsimile: (205) 397-8179
    Email: rbattle@battlewinn.com
    hwinn@battlewinn.com
    *Attorneys for Plaintiffs*

    */s/ Thomas M. O'Hara*
    THOMAS M. O'HARA