IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM HARRISON, *et al.*, </br>  Plaintiffs, | ) </br> ) </br> ) |
| v. | ) CIVIL ACTION NO. 1:23-00375-KD-N </br> ) |
| TONYA FORDE, *et al.*, </br>  Defendants. | ) </br> ) |

## REPORT & RECOMMENDATION

This action is before the Court on a motion to remand jointly filed by Plaintiffs William Harrison and Cathexis Holdings, LP (collectively, "Plaintiffs") on November 3, 2023. (Doc. 5).[1] The motion has been fully briefed and is ripe for disposition. (Docs. 7, 8). Upon consideration and for the reasons stated herein, the undersigned **RECOMMENDS** Plaintiffs' motion (Doc. 5) be **DENIED**.

## I.   *Background*

Plaintiffs initiated this action by filing a complaint in the Circuit Court for Mobile County, Alabama ("Circuit Court") on September 9, 2023. (Doc. 1-1). Their first amended complaint ("FAC"), the operative pleading here, was filed September 29, 2023. (Doc. 1-1, PageID.47). The FAC brings four causes of action arising under Alabama state law against named Defendants Tonya Forde, CKC Properties, LLC, and Steve Forde (collectively, "Defendants") for (1) conversion, (2) unjust enrichment, (3) money had and received and (4) misrepresentation and/or suppression. (*Id.*).

---

[1] The District Judge assigned to this case has referred this motion to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72 and S.D. Ala. GenLR 72(a)-(b). (11/3/2023 elec. ref.).

1

Defendants removed the action on October 4, 2023, purportedly on the basis of diversity jurisdiction. 28 U.S.C. § 1332. *See* 28 U.S.C. §§ 1441, 1446. (Doc. 1). The notice of removal states complete diversity exists among the parties and that the amount in controversy is satisfied. (*Id*.). Plaintiffs now seek remand of this action to the Circuit Court on grounds that Tonya Forde is a citizen of Alabama, as alleged in the FAC, rather than Tennessee, as asserted in the notice of removal. (Docs. 1, 1-1).

## II.   *Legal Standards*

The subject-matter jurisdiction of federal courts is limited to certain justiciable "Cases" and "Controversies." U.S. Const. art. III, § 2. Among them, federal district courts are statutorily authorized to adjudicate "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between… citizens of different states." 28 U.S.C. § 1332(a). However, "[d]iversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citation omitted). The key fact that must be alleged for diversity jurisdiction purposes is citizenship, not residence. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). For individuals, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "[a] person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom…" *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (citations omitted). A change in one's domicile "requires a concurrent showing of (1) physical presence at the new location with (2) an intention

to remain there indefinitely." *Id.* (citation and internal quotations omitted). Courts look to a range of factors when determining intent to remain, including: "the location of real and personal property, business ownership, employment records, the location of bank accounts, payment of taxes, voter registration, vehicle registration, driver's license, membership in location organization, and sworn statements of intent." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021).

If an action satisfying the criteria for diversity jurisdiction is originally brought in a state court, it may be removable to federal court under 28 U.S.C. § 1441(b); however, removal is improper "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," i.e., if diversity of citizenship is lacking. 28 U.S.C. § 1441(b)(2). This is also referred to as the "forum defendant rule." In any removal, the removing party bears the burden of establishing jurisdiction. *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012). *See Mas v. Perry*, 489 F.2d 1396, 1399 ("The burden of pleading the diverse citizenship is upon the party invoking federal jurisdiction, and if the diversity jurisdiction is properly challenged, that party also bears the burden of proof") (citations omitted). What matters for removal purposes is whether the parties are diverse at the time of removal. *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017). Further, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly… [i]ndeed, all doubts about jurisdiction should be resolved in favor

3

of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citations omitted).

### *III.   Discussion*

The only issue raised by the motion to remand is Tonya Forde's citizenship. (Doc. 5). Plaintiffs do not contest that the citizenships of the other parties are diverse or that the amount in controversy is satisfied (*id.*), and the undersigned's independent review of those aspects of this case confirms they are not at issue. The notice of removal states Tonya Forde is a citizen of Tennessee (Doc. 1), but Plaintiffs aver she is a citizen of Alabama for diversity purposes. (Docs. 1-1, 5).

In support of their motion, Plaintiffs explain that in an unrelated 2023 case involving Forde's son, Corey Fore,[2] a process server served Corey at his home in Theodore, Alabama by leaving a copy of the summons and complaint with Forde at that residence. (*Id.*). On the return of service dated August 25, 2023, the process server checked a box indicating that a copy was personally delivered to Forde at this residence. (*Id.*). (*See* Doc. 5-2). The return of service further bears a stamp affirming the process server's compliance with Alabama Rule of Civil Procedure 4(c)(1), which permits service "upon an individual… by serving the individual or by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein…" For further support, Plaintiffs attach a declaration sworn by Plaintiffs' counsel regarding a September 21, 2023 conversation he had with the process server who served the

---

2 To avoid confusion, the Court refers to Corey Fore as "Corey" and Tonya Forde as "Forde."

4

process on Forde at the Theodore residence. (Doc. 5-2). The declaration states: (1) the process server's "standard practice [is] to ask the person he is serving at a residence whether they reside there before serving them with the process" and that (2) the process server does not include the stamp affirming compliance with Ala. R. Civ. P. 4(c)(1) unless the person receiving service "affirmatively represents to him that she resides at that location." (*Id.*). That said, however, the process server apparently conceded "he did not have a specific recollection of the conversation with Tonya." (*Id.*). Plaintiffs assert these facts raise a legitimate good-faith dispute regarding Forde's citizenship and argue that because Defendants have not met their burden of establishing the same, remand is warranted. (Doc. 5).

Defendants' response initially challenges what they perceive as Plaintiffs' implied assertion that Forde's citizenship in the notice of removal needed to be supported by some sort of evidence. (*See e.g.* Doc. 5, PageID.95 ("Defendants… did not provide any evidence with their notice of removal that Tonya Forde is a citizen of Tennessee.")). Plaintiffs disclaim that assertion in their reply, agreeing that "a removing party is not required to file with its notice of removal evidence supporting citizenship." (Doc. 8, PageID.119). *See Hensley v. Westin Hotel*, 2023 U.S. Dist. LEXIS 93377, *8 (N.D. Ga. Feb. 27, 2023) (explaining while the removing party bears the burden of demonstrating federal jurisdiction exists, that "burden is to ***plead sufficient facts*** to establish jurisdiction, not ***prove*** the jurisdictional facts as alleged beyond all dispute") (emphasis in original). In any event, Defendants assert they need only "distinctly and affirmatively allege" citizenship in the notice of removal and

contend they have done so here. (Doc. 7). Indeed, the notice of removal states: "T. Forde is domiciled in and a citizen of Tennessee." (Doc. 1, PageID.4). This is a sufficient allegation of Forde's citizenship.

Plaintiffs' challenge of Forde's citizenship, however, is not a sufficiency challenge, but a factual challenge – that is, they challenge whether the assertion of Forde's Tennessee citizenship is accurate. (*See* Doc. 5). The Court in *Hensley* succinctly explains the distinction between these challenges in the removal context:

> Perhaps the best illustration of the burden to plead adequate jurisdictional facts is in the context of the familiar attack on subject matter jurisdiction pursuant to Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1) (authorizing a motion to dismiss for lack of subject matter jurisdiction). These attacks come in two forms. "Facial attacks"—that is, attacks as to the sufficiency of the jurisdictional allegations in the complaint— "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for [that] purpose[ ]." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citation omitted). "Factual attacks," meanwhile, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id*.

2023 U.S. Dist. LEXIS 93377 at *8-9.

Defendants acknowledge that in such a circumstance, the burden falls on them to make an affirmative showing of Forde's citizenship by a preponderance of the evidence. (Doc. 7, PageID.111). *Accord. Hensley*, 2023 U.S. Dist. 93377 at *9 ("In the case of a 'factual attack,' in which the party disputing jurisdiction offers evidence outside of the pleadings to rebut jurisdictional allegations contained therein, the party invoking the Court's subject matter jurisdiction must respond in kind with evidence (e.g., extrinsic evidence such as testimony and affidavits) to prove by a

6

preponderance of the evidence that jurisdiction tangibly exists 'irrespective of the complaint's allegations'") (citation omitted)). *See McCormick*, 293 F.3d at 1257-58 (explaining in the context of a jurisdictional challenge that "the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction") (citation omitted)); *Weber v. Allstate Fire & Cas. Ins. Co.*, 2021 U.S. Dist. LEXIS 253127, *5 (E.D. Tex. Dec. 13, 2021) ("Only when the non-removing party makes a good faith challenge to the factual allegations in the removal notice may the removing party be required to submit some evidence in support of its allegations of citizenship") (compiling cases)). Accordingly, Defendants include a sworn declaration from Forde, which states in pertinent part: (1) she has been a citizen of Tennessee since June 2021, residing at an address in Nashville, (2) the Nashville home is her "true, fixed, and permanent home," (3) that she intends to return there whenever she is away, (4) most of her personal property and furnishings are located there, (5) her car is titled and registered in Tennessee, (6) she has a Tennessee driver's license, (7) her utility bills for the Nashville home come to that home and (8) she uses a P.O. Box in Tennessee. (Doc. 7-1). The declaration further addresses the process server's encounter with her in August 2023 at the Theodore residence, and Forde states she was visiting at the time and did "not recall telling a process server in August 2023 that I resided at my son's house. To the best of my recollection, I told him that I was staying there." (*Id.*).[3]

---

[3] Defendants' opposition response also moves to strike the declaration by Plaintiffs' counsel (Doc. 5-3) on hearsay grounds. (Doc. 7). Such an embedded request in an improper method for obtaining relief under this Court's local rules. *See* S.D. Ala. GenLR 7 ("A request for Court action must be presented by motion and may not be presented by informal means…"). To the extent such a request could be

7

In sum, Plaintiffs' factual attack on Forde's Tennessee citizenship is based on her physical presence at Corey's home in August 2023, a stamp included on the return of service and a process server's self-described "standard practice" (as sworn to by Plaintiffs' counsel) despite the process server's admission of not specifically recalling this conversation. (Docs. 5, 5-2, 5-3). These facts are expressly contradicted by Forde's declaration, made under penalty of perjury, that her residency is Tennessee, she intends to remain in Tennessee and that she is a Tennessee citizen who was visiting her son in August 2023. (Docs. 7, 7-1). On balance, the undersigned finds Forde's declaration of her Tennessee citizenship sufficient to overcome any assertions to the contrary raised by Plaintiffs. Thus, the undersigned concludes by a preponderance of the evidence that Forde has been a citizen of Tennessee for diversity jurisdiction purposes since June of 2021, such that she was also a citizen of Tennessee at the time this action was removed.

## IV.  *Conclusion*

For the reasons stated herein, the undersigned is persuaded that Tonya Forde is a citizen of Tennessee for diversity purposes, such that the parties to this action are completely diverse, and this Court may exercise subject matter jurisdiction. Accordingly, the undersigned **RECOMMENDS** Plaintiffs' motion to remand (Doc. 5) be **DENIED**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must,

---

properly considered, the undersigned would **RECOMMEND** that it be **DENIED**; although, the Court need not reach this issue for the reasons explained herein.

within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 8th day of January 2024.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**